UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAM JOHN LOZEAU,<br><br>Defendant. | Case No. 2:21-cr-00304-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGOUND

Pending before the Court is the United States' Trial Brief (Dkt. 62) and Defendant's Motion to Exclude (Dkt. 63). Both were filed the day before trial commenced.[1] In these filings, the parties dispute the admissibility of three videos.

Exhibit 1025 is a body camera video filmed immediately after the police arrived in response to a 911 call. The video shows Sunni Lewis, the alleged victim, telling police that Defendant Sam John Lozeau choked and strangled her. It shows her in an agitated state and records her saying that she is upset about the attack. Roughly eleven minutes passed between the time of the alleged attack and the time of her statements shown in the video.

Exhibit 1026 is a second body camera video filmed shortly after the first. It shows Lewis explaining the alleged attack in more detail. As in the first video, Lewis is visibly shaken as she speaks with police.

---

[1] The Court informed counsel of its ruling on this matter the day before trial and informed the parties that a written decision would follow to memorialize the ruling and give the Court's reasoning. This is that decision.

MEMORANDUM DECISION AND ORDER - 1

Exhibit 1024 is a body camera video of Lozeau at the Kootenai County Jail, where police took him after they spoke with Lewis. This video shows Lozeau accusing the arresting officer of treating him roughly. In the video, the officer asks Lozeau if he hit, choked, or otherwise laid hands on Lewis, and Lozeau says that he did not. The Court must determine whether these videos are admissible as evidence.

## II. LEGAL STANDARD

Only relevant evidence may be presented to the jury. Fed. R. Evid. 401. Evidence is relevant when it is material, meaning it bears on the outcome of the case, and probative, meaning it makes a fact in issue more or less likely to be true. *See id*. Courts may exclude relevant evidence if its probative value is substantially outweighed by the danger it poses of creating unfair prejudice or confusing the issues. Fed. R. Evid. 403.

Hearsay, which is any out-of-court statement admitted for its truth, is inadmissible unless covered by an exception. Fed. R. Evid. 801, 802(c)(1)–(2).

The Federal Rules of Evidence make a hearsay exception for present sense impressions, which are "statement[s] describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). They also make an exception for excited utterances: "statement[s] relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2).

A statement made by an opposing party in an individual capacity and then offered against that party is not hearsay. Fed. R. Evid. 801 (d)(2)(A).

### III. ANALYSIS

Here, as an initial matter, the Court finds that all three videos are relevant. The Government has charged Lozeau with two counts of Strangulation under 18 U.S.C. §§ 113(a)(8) and 1153.

In Exhibits 1025 and 1026, Lewis makes statements that are both probative of those charges and material to their determination. If her statements are true, they tend to show that Lozeau's actions satisfied the elements of the statutes charged in the indictment.

In Exhibit 1024, Lozeau asks a police officer about the events in question and defends his innocence. If his statements are true, it is less likely that his actions satisfied the elements of the statutes. Lozeau argues that the first portion of Exhibit 1024, in which he discusses whether he was a threat to the officer at the time he was arrested, the manner of his arrest, and his *Miranda* warnings, is not relevant to this case. Though the statements in the video might not be topical to the elements of the statute, the video is probative of whether Lozeau was intoxicated or belligerent at the time of his arrest, which is material to the case, so the whole video is relevant.

Though two of the videos are hearsay, both fall under covered exceptions. Exhibits 1025 and 1026, which capture Lewis's statements shortly after the alleged attack, while she was under the stress it caused, are admissible under the exceptions for present-sense impressions and excited utterances.

Exhibit 1024 is not hearsay because it is the statement of a party opponent—Lozeau—made in his personal capacity, which the Government now offers against him. Thus, the rule against hearsay will not exclude any of the videos.

Lozeau argues that the probative value of the first portion of Exhibit 1024 is substantially outweighed by the risk it creates of unfair prejudice or confusing the issues. Specifically, he asserts that "the admission of these portions of the videos will lead to unnecessary speculation as to what occurred between Mr. Lozeau and the officer and will lead to unnecessary speculation as to Mr. Lozeau's character." Dkt. 63, at 3. Though the video may well be prejudicial against the Defendant—most useful prosecution evidence is—Rule 403's inquiry is whether that prejudice would be unfair. Here, the risk of unnecessary speculation into the circumstances of Lozeau's arrest is minor, and such speculation, which is as likely to view Lozeau sympathetically as not, would not be unfair. Thus, the Court will not exclude the evidence under Rule 403.

Because the videos are relevant, and because they are exempt from the rule against hearsay or subject to its exceptions, they are all admissible.

## IV. ORDER

IT IS HEREBY ORDERED:

1. Lozeau's Motion to Exclude (Dkt. 63) is DENIED.

2. Exhibits 1024, 1025, and 1026 are admitted into evidence as they were presented to the Court, without any further adjustment or redaction.

DATED: December 7, 2022

David C. Nye
Chief U.S. District Court Judge